IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAVON MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-01447 (RDA/JFA) |
| ) | |
| NATIONAL COLLEGIATE ATHLETIC ) | |
| ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before this Court on the National Collegiate Athletic Association and the Central Intercollegiate Athletic Association's ("Defendants") Motions to Dismiss ("Motions"). Dkt. Nos. 23; 26. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. *Pro se* Plaintiff Javon Moore ("Plaintiff") has been afforded the opportunity to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), but has not responded. Considering Defendants' Memoranda in Support of the Motions (Dkt. Nos. 24; 27) and the fact that Plaintiff has not filed an opposition brief despite having received multiple extensions to do so, this Court GRANTS the Motions for the reasons that follow.

I. BACKGROUND

This matter arises from the Complaint Plaintiff filed before this Court bringing a number of claims against Defendants including alleging violation of his name and likeness, breach of contract, breach of warranty, discrimination, harassment, violations of antitrust law, and a violation of the American Disability Act. Dkt. 1 at 4. This Court accepts all facts alleged in the Complaint

as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A liberal reading of the Complaint suggests that Plaintiff was an NCAA and CIAA student athlete at Virginia State University. But in 2014, Defendants allegedly terminated his room and board resulting in Plaintiff becoming homeless. In 2016, Plaintiff further alleges that Defendants improperly used his name and likeness in licensing his image "in arenas, websites, publishing[,] royalties, [and] selling ticket[s] with image to bring fans." *Id.* He seeks $200,000,000.00 in compensatory damages.

On December 29, 2021, Plaintiff filed the instant Complaint against Defendants. Dkt. 1. Defendants each filed separate motions to dismiss accompanied by nearly identical supporting memoranda on March 7, 2022 after obtaining the Court's leave. Dkt Nos. 13; 18; 23-27. On April 18, 2022, the Court granted an extension for Plaintiff to file his opposition and again, upon Plaintiff's motion, the Court extended the filing deadline up and until June 10, 2022 after holding a hearing on May 27, 2022. Dkt. Nos. 29; 42-43; 49-50.[1]

## II. STANDARD OF REVIEW

In order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Twombly*, 550 at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the

---

[1] Plaintiff failed to appear at the hearing before the Magistrate Judge regarding his motion to extend the time to file an opposition brief. Dkt. Nos. 49-50. As of the date of this opinion, Plaintiff has yet to file any responsive motion.

complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

In addition to this general pleading standard, "fraud-based claims must satisfy Rule 9(b)'s heightened pleading standard." *United States ex rel. Grant v. United Airlines, Inc.*, 912 F.3d 190, 196 (4th Cir. 2018) (citing *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455-56 (4th Cir. 2013)). "Rule 9(b) requires that 'a party must state with particularity the circumstances constituting fraud or mistake.'" *Id*. (quoting Fed. R. Civ. P. 9(b)). Further, when a plaintiff fails to plead fraud with particularity under Rule 9(b)'s pleading requirements, the omission "is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savanna River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999).

Mindful that Plaintiff is proceeding *pro se*, this Court liberally construes his filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17-cv-1365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

### III.  ANALYSIS

While "[t]he failure to respond to [a] Motion [to dismiss] is tantamount to a waiver of any

opposition on the merits," *Stewart Title Guar. Co. v. Sanford Title Servs., LLC*, No. ELH-11-620, 2011 WL 5547997, at *3 (D. Md. Nov. 10, 2011), and thus "a concession to the relief requested in the pending [m]otion," *Unum Life Ins. Co. of Am. v. Brookshire*, No. 4:15-cv-01226, 2015 WL 13229264, at *2 (D.S.C. Dec. 30, 2015), this Court will consider the merits of the Motions in the interest of justice.  Each of Plaintiff's claims fail because they are either clearly or likely time-barred by the relevant statute of limitations, which is sufficient to dismiss the Complaint with prejudice.  *Foy v. Giant Food Inc.*, 298 F.3d 284, 291 (4th Cir. 2002); *Olawole v. ActioNet, Inc.*, 258 F. Supp. 3d 694, 706 (E.D. Va. 2017).  Regardless, those claims that may not be time-barred fail to state a claim upon which relief can be granted.

i. Name and Likeness Claim

Claims for the misappropriation of name, image and likeness must be brought under Virginia law, which are subject to a five-year statute of limitations.  Given that the Complaint was filed on December 29, 2021, insofar as the alleged misconduct occurred before December 29, 2016, that claim is likely also barred.  *Lavery v. Automaton Mgmt. Consultants, Inc.*, 234 Va. 145, 150, 154 (1987) (confirming that the applicable Virginia Code § 8.01-40(A) creates a property right in an individual's name and likeness and imposes a five year statute of limitations). Alternatively, this claim fails to make a facially plausible case as Plaintiff has failed to plead any non-conclusory allegations that specifically demonstrate his likeness was (1) used for advertising or trade purposes and (2) that such use was done without his written consent.  *See* Va. Code § 801-40; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 (courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

ii.  Breach of Contract and Warranty Claims

Virginia Code provides that any breach of contract claim must commence within the later of four years after the breach or within one year of its discovery or when it should have been discovered, but not later than five years from the day of the breach.  Va. Code § 59.1-508.5(a).  Virginia Code also imposes a four year statute of limitations for breach of warranty claims which accrues at the time of the breach.  *Id.* § 8.2-725.  Given the last date of alleged misconduct by Defendants was 2016, the breach of warranty claim is time-barred.  And while the breach of contract claim is also likely time-barred, although this Court cannot be certain due to the lack of specific dates in the allegations of the Complaint, Plaintiff nonetheless fails to state a claim as to the breach of contract claim.  Stating a claim for a breach of contract claim under Virginia law requires that a plaintiff demonstrate the existence of a contract, the nature of the breach, and the injury suffered as a result of the breach.  *See Va. Elec. & Power Co. v. Bransen Energy, Inc.*, 850 F.3d 645, 655 (4th Cir. 2017).  To that end, Plaintiff's allegations remain conclusory in stating that the "NCAA forced a contract" for Plaintiff to play, which reveal nothing as to existence or nature of the contract.  Plaintiff has failed to state a facially plausible claim as to a breach of contract.

iii.  Discrimination Claims

Claims brought under the Virginia Disabilities Act ("VDA") or the Americans with Disabilities Act ("ADA") are subject to a one-year statute of limitations.  Any claims under these civil rights statutes accrue when the plaintiff "knows or has reason to know of the injury which is the basis of the action."  Va. Code § 51.5-46(B); *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975); *see also A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (concluding that the one-year limitation under the VDA applies to ADA claims brought in Virginia).  For those claims arising under Title VI of the Civil Rights Act of 1964, a two-year statute of limitations for

personal injury actions accrues on the "date the injury is sustained." Va. Code §§ 8.01-230, 8.01-243(A). Fair Housing Act discrimination claims are also subject to a two-year statute of limitations, accruing when the alleged misconduct occurs. 42 U.S.C. § 3613(a)(1)(A). Given Plaintiff alleges this discrimination resulted in his loss of room and board and his homelessness with a disability in 2014, more than two years has elapsed since the filing of the Complaint. Accordingly, these discrimination claims are time-barred. *See* Dkt. 1 at 4.

### iv. Antitrust Claim

The Sherman Act and Virginia Antitrust Act each impose a four-year statute of limitations beginning at "the date of the injury." 15 U.S.C. § 15b; Va. Code § 59.1-9.14; *Mayor of Baltimore v. Actelion Pharm. Ltd.*, 995 F.3d 123, 131 (4th Cir. 2021). The clock would begin to run at the time of the most recent alleged injury. *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 338 (1971). Here, the latest alleged misconduct occurred in 2016, more than four years from the date Plaintiff filed the Complaint. Any cognizable antitrust claim is time-barred.

### v. Other Potentially Decipherable Claims

On the Civil Cover Sheet filed with his Complaint, Plaintiff has also selected "Assault, Libel & Slander," "Personal Injury – Medical Malpractice," and "Personal Injury – Product Liability." Dkt. 1 at 6. Virginia law imposes a one-year statute of limitations for claims classified under the "Assault, Libel & Slander" category. *See* Va. Code § 8.01-247.1 (covering libel, slander or defamation). The other two categories are subject to two-year statutes of limitations. *See* Va. Code § 8.01-243(A) (personal injury and product liability claims). Virginia code further provides that these periods begin to run on the "date the injury is sustained." Va. Code § 8.01-230. More than two years has passed since the latest possible injury alleged in the Complaint and the filing of the Complaint. Accordingly, these claims are time-barred as well.

## IV.  CONCLUSION

For the reasons articulated in this opinion, it is hereby ORDERED that Defendants' Motions (Dkt. Nos. 23; 26) are GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

The Clerk is directed to enter judgment for Defendants pursuant to Federal Rule of Civil Procedure 58 and close this civil action.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order.  A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal.  Plaintiff need not explain the grounds for appeal until so directed by the court of appeals.  Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

It is SO ORDERED.

Alexandria, Virginia
June 27, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge